## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| INNOVATIO IP VENTURES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ABP CORPORATION; ACCOR NORTH AMERICA; CARIBOU COFFEE CO., INC.; CBC RESTAURANT CORP.; COSI, INC.; DOMINICK'S SUPERMARKETS, INC.; KIMPTON HOTEL & RESTAURANT GROUP, LLC; LQ MANAGEMENT LLC; MEIJER, INC. and PANERA BREAD COMPANY,<br><br>Defendants. | Civil Action No. 11-cv-1638<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Innovatio IP Ventures, LLC ("Innovatio"), by and through its undersigned counsel, alleges as follows:

### THE PARTIES

1.     Plaintiff Innovatio is a corporation organized under the laws of the State of Delaware and has a place of business at 22 West Washington Street, Suite 1500, Chicago, Illinois 60602.

2.     On information and belief, Defendant ABP Corporation is a corporation organized under the laws of the State of Delaware, has a principal

place of business at 1 Au Bon Pain Way, Boston, Massachusetts 02210, and has about 18 locations in Illinois, including locations within this District.

3.      On information and belief, Defendant Accor North America is a corporation organized under the laws of the State of Delaware, has a principal place of business at 4001 International Parkway, Carrollton, Texas 75007, and has about 28 locations in Illinois, including locations within this District.

4.      On information and belief, Defendant Caribou Coffee Co., Inc. is a corporation organized under the laws of the State of Minnesota, has a principal place of business at 3900 Lake Breeze Avenue North, Brooklyn Center, Minnesota 55430, and has about 59 locations in Illinois, including locations within this District.

5.      On information and belief, Defendant CBC Restaurant Corp. is a corporation organized under the laws of the State of California, has a principal place of business at 12700 Park Central Drive, Suite 1300, Dallas, Texas 75251, and has about 34 locations in Illinois, including locations within this District.

6.      On information and belief, Defendant Cosi, Inc. is a corporation organized under the laws of the State of Delaware, has a principal place of business at 1751 Lake Cook Road, Suite 600, Deerfield, Illinois 60015, and has about 15 locations in Illinois, including locations within this District.

7.      On information and belief, Defendant Dominick's Supermarkets, Inc. is a corporation organized under the laws of the State of Delaware, has a principal place of business at 711 Jorie Blvd., Oak Brook, Illinois 60523, and has about 80 locations in Illinois, including locations within this District.

8.      On information and belief, Defendant Kimpton Hotel & Restaurant Group, LLC is a corporation organized under the laws of the State of Delaware, has a principal place of business at 222 Kearney Street, Suite 200, San Francisco, California 94108, and has about 4 locations in Illinois, including locations within this District.

9.      On information and belief, Defendant LQ Management LLC is a corporation organized under the laws of the State of Delaware, has a principal place of business at 909 Hidden Ridge, Suite 600, Irving, Texas 75038, and has at least 13 locations within this District.

10.      On information and belief, Defendant Meijer, Inc. is a corporation organized under the laws of the State of Michigan, has a principal place of business at 2929 Walker Avenue NW, Grand Rapids, Michigan 49544, and has about 17 locations in Illinois, including locations within this District.

11.      On information and belief, Defendant Panera Bread Company is a corporation organized under the laws of the State of Delaware, has a principal place of business at 6710 Clayton Road, Richmond Heights, Missouri 63117, and

has about 103 locations in Illinois, including locations within this District. The

Defendants identified in paragraphs 2-11 above are hereinafter referred to

collectively as "Defendants."


## JURISDICTION AND VENUE

12.     This action arises under the Patent Laws of the United States, 35

U.S.C. § 1 *et seq.* This Court has jurisdiction over the subject matter of this action

under 28 U.S.C. §§ 1331 and 1338(a).

13.     This Court has personal jurisdiction over the Defendants.

14.     Venue for this action is proper in this district pursuant to 28 U.S.C. §§

1391 and 1400(b).


## PATENTS-IN-SUIT

15.     On March 30, 2004, the USPTO duly and legally issued U.S. Patent

No. 6,714,559 ("the '559 Patent") titled "Redundant Radio Frequency Network

Having A Roaming Terminal Communication Protocol." A copy of the '559

Patent is attached as Exhibit A.

16.     On June 10, 2008, the USPTO duly and legally issued U.S. Patent No.

7,386,002 ("the '002 Patent") titled "Redundant Radio Frequency Network Having

A Roaming Terminal Communication Protocol."  A copy of the '002 Patent is attached as Exhibit B.

17.    On May 19, 2009, the USPTO duly and legally issued U.S. Patent No. 7,535,921 ("the '921 Patent") titled "Redundant Radio Frequency Network Having A Roaming Terminal Communication Protocol."  A copy of the '921 Patent is attached as Exhibit C.

18.    On June 16, 2009, the USPTO duly and legally issued U.S. Patent No. 7,548,553 ("the '553 Patent") titled "Redundant Radio Frequency Network Having A Roaming Terminal Communication Protocol."  A copy of the '553 Patent is attached as Exhibit D.

19.    On April 14, 1998, the USPTO duly and legally issued U.S. Patent No. 5,740,366 ("the '366 Patent") titled "Communication Network Having Plurality Of Bridging Nodes Which Transmit A Beacon To Terminal Nodes In Power Saving State That It Has Messages Awaiting Delivery."  A copy of the '366 Patent is attached as Exhibit E.

20.    On August 17, 1999, the USPTO duly and legally issued U.S. Patent No. 5,940,771 ("the '771 Patent") titled "Network Supporting Roaming, Sleeping Terminals."  A copy of the '771 Patent is attached as Exhibit F.

21.    On April 16, 2002, the USPTO duly and legally issued U.S. Patent No. 6,374,311 ("the '311 Patent") titled "Communication Network Having A Plurality

Of Bridging Nodes Which Transmit A Beacon To Terminal Nodes In Power Saving State That It Has Messages Awaiting Delivery." A copy of the '311 Patent is attached as Exhibit G.

22.     On November 25, 2008, the USPTO duly and legally issued U.S. Patent No. 7,457,646 ("the '646 Patent") titled "Radio Frequency Local Area Network." A copy of the '646 Patent is attached as Exhibit H.

23.     On August 13, 1996, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 5,546,397 ("the '397 Patent") titled "High Reliability Access Point For Wireless Local Area Network." A copy of the '397 Patent is attached as Exhibit I.

24.     On December 1, 1998, the USPTO duly and legally issued U.S. Patent No. 5,844,893 ("the '893 Patent") titled "System For Coupling Host Computer Means With Base Transceiver Units On A Local Area Network." A copy of the '893 Patent is attached as Exhibit J.

25.     On December 16, 2003, the USPTO duly and legally issued U.S. Patent No. 6,665,536 ("the '536 Patent") titled "Local Area Network Having Multiple Channel Wireless Access." A copy of the '536 Patent is attached as Exhibit K.

26.     On February 24, 2004, the USPTO duly and legally issued U.S. Patent No. 6,697,415 ("the '415 Patent") titled "Spread Spectrum Transceiver Module

Utilizing Multiple Mode Transmission."  A copy of the '415 Patent is attached as Exhibit L.

27.    On March 14, 2006, the USPTO duly and legally issued U.S. Patent No. 7,013,138 ("the '138 Patent") titled "Local Area Network Having Multiple Channel Wireless Access."  A copy of the '138 Patent is attached as Exhibit M.

28.    On May 4, 2010, the USPTO duly and legally issued U.S. Patent No. 7,710,907 ("the '907 Patent") titled "Local Area Network Having Multiple Channel Wireless Access."  A copy of the '907 Patent is attached as Exhibit N. The fourteen patents identified in paragraphs 15-28 are hereinafter referred to collectively as the "WLAN Patents."

29.    Innovatio owns all rights, title, and interest in and to, and has standing to sue for infringement of, the WLAN Patents, including the right to sue for and collect past damages.

## COUNT ONE
## INFRINGEMENT OF THE '559 PATENT

30.    Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 29 as if fully set forth herein.

31.    Defendants have infringed and continue to infringe at least one claim of the '559 Patent, either literally or by the doctrine of equivalents, either directly, contributorily, by inducement or otherwise, in violation of 35 U.S.C. § 271, by

using one or more wireless local area network ("WLAN") products, systems and/or

networks that infringe one or more of the method claims of the '559 Patent.

## COUNT TWO
## INFRINGEMENT OF THE '002 PATENT

32.    Innovatio repeats and realleges the allegations of the preceding

paragraphs 1 - 29 as if fully set forth herein.

33.    Defendants have infringed and continue to infringe at least one claim

of the '002 Patent, either literally or by the doctrine of equivalents, either directly,

contributorily, by inducement or otherwise, in violation of 35 U.S.C. § 271, by

using one or more WLAN products, systems and/or networks that infringe one or

more of the method claims of the '002 Patent.

## COUNT THREE
## INFRINGEMENT OF THE '921 PATENT

34.    Innovatio repeats and realleges the allegations of the preceding

paragraphs 1 - 29 as if fully set forth herein.

35.    Defendants have infringed and continue to infringe at least one claim

of the '921 Patent, either literally or by the doctrine of equivalents, either directly,

contributorily, by inducement or otherwise, in violation of 35 U.S.C. § 271, by

using one or more WLAN products, systems and/or networks that infringe one or more of the method claims of the '921 Patent.

## COUNT FOUR
## INFRINGEMENT OF THE '553 PATENT

36.     Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 29 as if fully set forth herein.

37.     Defendants have infringed and continue to infringe at least one claim of the '553 Patent, either literally or by the doctrine of equivalents, either directly, contributorily, by inducement or otherwise, in violation of 35 U.S.C. § 271, by using one or more WLAN products, systems and/or networks that infringe one or more of the method claims of the '553 Patent.

## COUNT FIVE
## INFRINGEMENT OF THE '366 PATENT

38.     Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 29 as if fully set forth herein.

39.     Plaintiffs believe that a reasonable opportunity for further investigation or discovery will likely show that Defendants have infringed and continue to infringe at least one claim of the '366 Patent, either literally or by the doctrine of equivalents, either directly, contributorily, by inducement or otherwise,

in violation of 35 U.S.C. § 271, by using one or more WLAN products, systems and/or networks that infringe one or more of the claims of the '366 Patent.

### COUNT SIX
### INFRINGEMENT OF THE '771 PATENT

40.    Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 29 as if fully set forth herein.

41.    Plaintiffs believe that a reasonable opportunity for further investigation or discovery will likely show that Defendants have infringed and continue to infringe at least one claim of the '771 Patent, either literally or by the doctrine of equivalents, either directly, contributorily, by inducement or otherwise, in violation of 35 U.S.C. § 271, by using one or more WLAN products, systems and/or networks that infringe one or more of the claims of the '771 Patent.

### COUNT SEVEN
### INFRINGEMENT OF THE '311 PATENT

42.    Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 29 as if fully set forth herein.

43.    Plaintiffs believe that a reasonable opportunity for further investigation or discovery will likely show that Defendants have infringed and continue to infringe at least one claim of the '311 Patent, either literally or by the

doctrine of equivalents, either directly, contributorily, by inducement or otherwise,

in violation of 35 U.S.C. § 271, by using one or more WLAN products, systems

and/or networks that infringe one or more of the claims of the '311 Patent.


## COUNT EIGHT
## INFRINGEMENT OF THE '646 PATENT

44.     Innovatio repeats and realleges the allegations of the preceding

paragraphs 1 - 29 as if fully set forth herein.

45.     Plaintiffs believe that a reasonable opportunity for further

investigation or discovery will likely show that Defendants have infringed and

continue to infringe at least one claim of the '646 Patent, either literally or by the

doctrine of equivalents, either directly, contributorily, by inducement or otherwise,

in violation of 35 U.S.C. § 271, by using one or more WLAN products, systems

and/or networks that infringe one or more of the method claims of the '646 Patent.


## COUNT NINE
## INFRINGEMENT OF THE '397 PATENT

46.     Innovatio repeats and realleges the allegations of the preceding

paragraphs 1 - 29 as if fully set forth herein.

47.     Plaintiffs believe that a reasonable opportunity for further

investigation or discovery will likely show that Defendants have infringed and

continue to infringe at least one claim of the '397 Patent, either literally or by the doctrine of equivalents, either directly, contributorily, by inducement or otherwise, in violation of 35 U.S.C. § 271, by using one or more WLAN products, systems and/or networks that infringe one or more of the claims of the '397 Patent.

## COUNT TEN
## INFRINGEMENT OF THE '893 PATENT

48.    Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 29 as if fully set forth herein.

49.    Plaintiffs believe that a reasonable opportunity for further investigation or discovery will likely show that Defendants have infringed and continue to infringe at least one claim of the '893 Patent, either literally or by the doctrine of equivalents, either directly, contributorily, by inducement or otherwise, in violation of 35 U.S.C. § 271, by using one or more WLAN products, systems and/or networks that infringe one or more of the claims of the '893 Patent.

## COUNT ELEVEN
## INFRINGEMENT OF THE '536 PATENT

50.    Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 29 as if fully set forth herein.

51.    Plaintiffs believe that a reasonable opportunity for further investigation or discovery will likely show that Defendants have infringed and continue to infringe at least one claim of the '536 Patent, either literally or by the doctrine of equivalents, either directly, contributorily, by inducement or otherwise, in violation of 35 U.S.C. § 271, by using one or more WLAN products, systems and/or networks that infringe one or more of the claims of the '536 Patent.

## COUNT TWELVE
## INFRINGEMENT OF THE '415 PATENT

52.    Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 29 as if fully set forth herein.

53.    Plaintiffs believe that a reasonable opportunity for further investigation or discovery will likely show that Defendants have infringed and continue to infringe at least one claim of the '415 Patent, either literally or by the doctrine of equivalents, either directly, contributorily, by inducement or otherwise, in violation of 35 U.S.C. § 271, by using one or more WLAN products, systems and/or networks that infringe one or more of the claims of the '415 Patent.

## COUNT THIRTEEN
## INFRINGEMENT OF THE '138 PATENT

54.     Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 29 as if fully set forth herein.

55.     Plaintiffs believe that a reasonable opportunity for further investigation or discovery will likely show that Defendants have infringed and continue to infringe at least one claim of the '138 Patent, either literally or by the doctrine of equivalents, either directly, contributorily, by inducement or otherwise, in violation of 35 U.S.C. § 271, by using one or more WLAN products, systems and/or networks that infringe one or more of the claims of the '138 Patent.

## COUNT FOURTEEN
## INFRINGEMENT OF THE '907 PATENT

56.     Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 29 as if fully set forth herein.

57.     Plaintiffs believe that a reasonable opportunity for further investigation or discovery will likely show that Defendants have infringed and continue to infringe at least one claim of the '907 Patent, either literally or by the doctrine of equivalents, either directly, contributorily, by inducement or otherwise, in violation of 35 U.S.C. § 271, by using one or more WLAN products, systems and/or networks that infringe one or more of the claims of the '907 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Innovatio respectfully requests entry of judgment in its favor and the following relief, including:

A.       That Defendants be adjudged to have infringed one or more claims of each of the WLAN Patents;

B.       That Defendants and all related entities and their officers, agents, employees, representatives, servants, successors, assigns and all persons in active concert or participation with any of them, directly or indirectly, be preliminarily and permanently enjoined from using, or contributing or inducing the use of, any WLAN product, system or network that infringes any WLAN Patent;

C.       That Defendants account for damages sustained by Innovatio as a result of Defendants' infringement of the WLAN Patents, including both pre- and post-judgment interest and costs as fixed by this Court under 35 U.S.C. § 284; and

D.       That the Court grant Innovatio such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Innovatio demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: March 8, 2011       /s/ Matthew G. McAndrews
                          Matthew G. McAndrews

                          Raymond P. Niro, Jr.
                          Brian E. Haan
                          Gabriel I. Opatken
                          NIRO, HALLER & NIRO
                          181 West Madison St., Suite 4600
                          Chicago, Illinois 60602
                          Telephone: (312) 236-0733
                          Facsimile: (312) 236-3137
                          E-mail: rnirojr@nshn.com
                          E-mail: mmcandrews@nshn.com
                          E-mail: bhaan@nshn.com
                          E-mail: gopatken@nshn.com

                          *Attorneys for Plaintiff,*
                          INNOVATIO IP VENTURES, LLC